UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEWEY BOWLING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CV-425-KAC-DCP ) |
| STATE OF TENNESSEE, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff is a Tennessee Department of Correction ("TDOC") inmate formerly housed in the Knox County Detention Center who is now housed in the Bledsoe Correctional Complex ("BCCX"). Before his transfer from the Knox County Detention Center to BCCX, Plaintiff filed (1) an unsigned letter requesting transfer "to Bledsoe" [Doc. 1]; (2) an application to proceed without prepayment of fees or costs [Doc. 3]; (3) a blank, unsigned pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 4]; and (4) an unsigned document indicating that Plaintiff has a learning disability [Doc. 4-1].

The Court previously entered an order noting that Plaintiff (1) had not filed the required documents to proceed *in forma pauperis*, (2) did not comply with Federal Rule of Civil Procedure 11 because he failed to sign his motion for transfer [Doc. 2] or the documents that he appeared to have filed as his complaint [Docs. 4, 4-1], and (3) that his complaint documents [Docs. 4, 4-1] did not include or address the allegations for which Plaintiff sought relief [*See* Doc. 6]. Because of these challenges, the Court directed the Clerk is to send Plaintiff (1) a copy of the last page of his motion for transfer; (2) a copy of his complaint documents; (3) a Section 1983 complaint form; and (4) an inmate account statement form [*See* Doc. 6]. The Court gave Plaintiff thirty (30) days

to (1) file signed copies of his motion for transfer and his complaint documents; (2) return an amended complaint containing a complete, short, and plain statement of all claims for which he seeks relief under Section 1983; and (3) pay the full filing fee or to submit the necessary documents to proceed *in forma pauperis* [*See* Doc. 6]. The Court also warned Plaintiff that if he did not timely submit a signed copy of the last page of his motion [Doc. 1] and his complaint documents [Docs. 4, 4-1], the Clerk would strike those filings from the record under Rule 11(a), and that if he failed to timely file an amended complaint containing a complete, short, and plain statement of all claims for which he seeks relief under Section 1983 that does not incorporate any other documents, the Court would dismiss this action for want of prosecution [*See* Doc. 6].

After the Court entered that order, Plaintiff filed:

(1) A letter setting forth allegations regarding his inmate trust account documents, his attorney's contact information, a statement that his learning disability prevents him from reading well or understanding paperwork without help, and a request for the Court to contact his attorney because he has had "no luck" doing so [Doc. 7];

(2) A certificate for and printout of his inmate trust account [Doc. 8];

(3) An unsigned copy of his previous filing containing assertions regarding his learning disability [Doc. 9 at 1];

(4) A blank Section 1983 complaint [*Id.* at 2-6];

(5) A copy of the Court's previous order [*Id.* at 7-9];

(6) A signed Section 1983 complaint that contains only some information regarding the parties but no substantive allegations [*Id.* at 10-15];

(7) A letter to the Clerk's office regarding his *in forma pauperis* documents [*Id.* at 16];

(8) Another unsigned copy of his letter requesting transfer to "Bledsoe" [*Id.* at 17]; and

(9) A letter indicating that he is now incarcerated in BCCX and seeking expungement of court costs [Doc. 10 at 1].

2

**I.    FILING FEE**

The Court addresses Plaintiff's application to proceed without prepayment of fees or costs [Doc. 3] first. In his most recent filing, Plaintiff requests expungement of court costs, [*see* Doc. 10 at 1], but this Court has not yet granted Plaintiff leave to proceed *in forma pauperis*. Therefore, the Court has not yet imposed any costs on Plaintiff. Thus, the Court **DENIES** Plaintiff's request for expungement of filing fees [*Id.*] because it is premature.

The filing fee for this Section 1983 action cannot be waived. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) ("Section 1915(b)(1) compels the payment of the [filing] fees at the moment the complaint. . . is filed."); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997)("All prisoners while incarcerated must now pay the required filing fees and costs. When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."); *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). It appears from Plaintiff's financial documents [Docs. 3, 8] that he cannot pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's application to proceed herein without prepayment of fees or costs [Doc. 3].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty

dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.   SCREENING

Plaintiff did not comply with the Court's previous order. But he attempted to comply by filing a signed but incomplete Section 1983 complaint form, [*see* Doc. 9 at 10-15], an unsigned copy of his earlier filing containing an allegation regarding a failure to add a program to his sentence, [*id.* at 1], and another copy of his unsigned letter requesting transfer to "Bledsoe," [*id.* at 17]. Given Plaintiff's pro se status and professed learning disability, the Court liberally construes these documents as a request for relief under Section 1983 and screens the documents.

### A.   Standard

Under the Prison Litigation Reform Act ("PLRA"), a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant that is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to

4

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Allegations**

In Plaintiff's relevant filings, which he filed while still incarcerated in the Knox County Detention Center, Plaintiff states that "[he is] trying to get to Bledsoe," his attorney was supposed to contact "TDOC" about a problem, and he "can[]not go to Tr[ou]sd[ale], Whiteville, Hard[ema]n[,] or[] South Central," because the mother of his victim "has put a hit out on [him] by the Vice Lords" [Doc. 9 at 17]. Plaintiff also indicates that many inmates have told Plaintiff "that the hit is still active" [*Id.*]. Plaintiff further states that he did not receive any benefits at the Knox County Detention Center, "need[s] dental," wants to work, and "would like to start getting [his] good days and serving [his] time" [*Id.*]. He also claims that his "transport order" was in place "since June sixth," and that he felt that "they [were] trying to hold [him] [there]" [*Id.*]. He therefore requested assistance in getting a transfer [*Id.*].

In his filing regarding his learning disability, Plaintiff's only substantive allegation is that he completed a "man of val[o]r program" but "they didn't add it to [his] sentence" [*Id.* at 1]. In

his signed and partially completed Section 1983 complaint form, Plaintiff indicates that he intends to sue the State of Tennessee [*Id.* at 10].

### D. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. None of Plaintiff's filings allow the Court to plausibly infer a violation of Plaintiff's rights under Section 1983.

First, Plaintiff has sued only the State of Tennessee. But "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Additionally, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Tennessee has not waived its immunity to suit under Section 1983. *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986).

Additionally, the fact that Plaintiff has been transferred to BCCX moots his request for transfer [*See* Doc. 9 at 17]. Moreover, Plaintiff makes only conclusory statements about the deficiencies in his Knox County Detention Center housing placement, and he does not have a constitutional right to be housed in a certain jail facility. *See Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976)); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285-87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference

with prison administration and instructing that courts should not "attempt to administer any portion of a state correctional system program except in the most compelling situations").

Finally, because Plaintiff does not have a Constitutional right to sentence credits, his statement that he completed a program but did not receive sentence credits fails to allege a Constitutional violation. *See Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) (finding no constitutional right to earn or receive sentence credits). Accordingly, the Court **DISMISSES** this action because even liberally construing the potentially relevant filings, they fail to state a claim upon which relief may be granted under Section 1983.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **DENIED** Plaintiff's request for expungement of filing fees as premature;

2. The Court **GRANTED** Plaintiff's application to proceed without prepayment of fees or costs [Doc. 3];

3. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

4. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

5. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

6. Even liberally construing the potentially relevant filings in favor of Plaintiff, they fail to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

 s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge